UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<span>HONDA</span> J. V<span>ERDONE</span>,

Plaintiff,

v.

C<span>OMMISSIONER OF</span> S<span>OCIAL</span> S<span>ECURITY</span>,

Defendant.
_____/

Case No. 16-cv-14178

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span>
J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
S<span>TEPHANIE</span> D<span>AWKINS</span> D<span>AVIS</span>

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDTION [#13] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11] AND GRANTING DEFEDANT'S MOTION FOR SUMMARY JUDGMENT [#12]**

**I. I<span>NTRODUCTION</span>**

This matter is before the Court on Plaintiff's appeal of the social security commissioner's decision to deny her social security disability benefits. Plaintiff filed an application for social security disability benefits on November 18, 2011. Dkt. No. 11, pg. 7 (Pg. ID 728). The administrative law judge (ALJ) denied her application on October 12, 2012. *Id.* At Plaintiff's hearing, the ALJ found that Plaintiff's residual functional capacity limited her to work that requires occasional handling. *Id.* at pg. 8 (Pg. ID 729). The vocational expert (VE) who testified at the hearing stated that Plaintiff could perform jobs such as greeter/information clerk, lobby attendant/ticket taker, and visual inspector. *Id.* The dictionary of occupational titles

(DOT) describes these jobs as requiring frequent handling. However, the VE testified that in his experience, greeter jobs only require occasional handling. *Id.* Therefore, the ALJ found that Plaintiff could perform a significant number of jobs in the economy and denied her benefits. Dkt. No. 13, Pg. 4 (Pg. ID 759). Plaintiff filed an appeal, and the appeals council remanded the claim on February 7, 2014. Dkt. No. 11, pg. 7 (Pg. ID 728). In its remand, the appeals council instructed the ALJ to identify and resolve any conflicts between the occupational evidence the vocational expert provided and the DOT. *Id.* at pg. 8 (Pg. ID 729).

A different ALJ conducted a new hearing on December 9, 2014. *Id.* at pg. 14 (Pg. ID 735). The ALJ concluded that Plaintiff could perform light work with occasional handling, needed close proximity to a bathroom, and needed a sit/stand option at will not to exceed thirty minutes at a time. *Id.* The ALJ posed a hypothetical question to the VE in which she asked about jobs in which Plaintiff would have a sit/stand option not exceeding ten minutes at a time. Dkt. No. 13, pg. 10 (Pg. ID 765). The ALJ then found that claimant was not disabled. The appeals council granted review of the decision on April 29, 2016 and affirmed the decision of the ALJ. *Id.* at pg. 9 (Pg. ID 730).

Plaintiff appealed the decision to this Court on November 29, 2016. Dkt. No. 1. On November 29, 2016, this Court referred the case to Magistrate Judge Stephanie Dawkins Davis. Dkt. No. 3. On February 25, 2017, Plaintiff filed her Motion for

Summary Judgment. Dkt. No. 11. Plaintiff's Motion alleged that the hypothetical posed by the ALJ to the VE was flawed because it did not accurately describe her condition. *Id.* at pg. 12 (Pg. ID 733). Plaintiff also alleged that the testimony given by the VE was not sufficient to resolve the discrepancy between the VE, the DOT, and the Selected Characteristics of Occupations (SCO). *Id.* at pg. 15 (Pg. ID 736). On April 4, 2017, Defendant filed her Motion for Summary Judgment. Dkt. No. 12. In her Motion, Defendant stated that the decision to deny benefits was supported by substantial evidence in the record. *Id.* at pg. 1 (Pg. ID 742). On February 20, 2018, Magistrate Judge Dawkins Davis issued a Report and Recommendation recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. Dkt. No. 13. On February 28, 2018, Plaintiff filed an objection to the Report and Recommendation, again stating that the testimony of the VE was not sufficient for the ALJ to rely on. Dkt. No. 14. Defendant filed a response to Plaintiff's objection on March 2, 2018. Dkt. No. 15.

## II. ANALYSIS

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when objections are "merely perfunctory responses . . . rehashing . . . the same

3

arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. U.S.*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012).

**Objection One**

Plaintiff makes one objection to the Magistrate Judge's Report and Recommendation. Plaintiff contests the validity of the VE's testimony. Plaintiff states that it is impossible to judge the validity of the VE's testimony "without numbers to quantify the placement of worker[s] in the local market or specific account and numbers of his observance of [greeter and lobby attendant] positions." Dkt. No. 14, pg. 5 (Pg. ID 782). Plaintiff also states that the VE did not provide testimony from any other type of reliable publications to corroborate his testimony. *Id.*

Plaintiff's objection rehashes the same argument made in her Motion for Summary Judgment. *See* Dkt. No. 11, pg. 16–17 (Pg. ID 737–38). In her Motion for Summary Judgment, Plaintiff stated:

> "[t]he VE did not provide testimony regarding the number of greeter positions that he observed . . . and he did not provide the number of greeter positions in which he placed people . . . that only required occasional handling. It is unknown if the VE placed numerous individuals into greeter positions that involved occasional handling or did he place only one or two individuals. It is unknown if the greeter positions that were observed by the VE were rarities . . . it is not known if the greeter positions observed by the VE were at one location for one employer or were they observed at multiple locations with numerous employers. The VE did not testify that his opinion . . . was based upon other publications, professional journals or other statistical reports.

Dkt. No. 11, pg. 16–17 (Pg. ID 737–38). Both Plaintiff's Motion and her objection argue that the VE did not adequately lend support to his testimony. Plaintiff does not articulate a new argument to the Magistrate Judge's Report and Recommendation. Therefore, Plaintiff's objection states the same arguments that she raised in her Motion such that this Court will review the Report and Recommendation for clear error.

The Report and Recommendation states that Plaintiff has not pointed to any authority that the ALJ erred in his findings based on the VE's testimony. Dkt. No. 13, pg. 19 (Pg. ID 774). The Report states that neither the ALJ nor the VE have to rely on the DOT. *Id.* (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)). And if there is a discrepancy between the VE and the DOT, the ALJ must obtain a reasonable explanation for the conflict. *Id.* (citing SSR 00-4p, 2000 WL 1898704, at *4). The Magistrate Judge concluded that the ALJ fully complied with the law when he asked the VE about the discrepancies between his opinions and the DOT. *Id.* (citing *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013). Upon review of Sixth Circuit precedent and other authority on this subject, the Court finds that Magistrate Judge Dawkins Davis reached the correct conclusion. The VE's testimony was sufficient such that the ALJ could rely on it in reaching his decision.

Further, on remand, the second ALJ complied with the directions of the appeals council to identify and resolve any conflicts between the VE testimony and the DOT. As noted above, a VE is not required to give statistical or numerical evidence, and an ALJ does not have to investigate the accuracy of a VE's testimony. An ALJ must only ask about any discrepancies. Then, an ALJ can rely on a VE's experience and testimony. Here, the ALJ was already aware of the discrepancy between the VE and the DOT because the appeals council gave instructions to address it on remand. The ALJ considered the discrepancy and decided to rely on the VE's testimony because of his cited experience. Dkt. No. 9-3, Pg. 49 (Pg. ID 171). Therefore, the ALJ resolved the discrepancy between the DOT and the VE. The ALJ was allowed to rely on the testimony of the VE without further statistical evidence or external publications.

### III. CONCLUSION

Upon review of the parties' briefing and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. Accordingly, Plaintiff's objection [#14] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Stephanie Dawkins Davis' February 20, 2018 Report and Recommendation DENYING Plaintiff's Motion for Summary Judgment and GRANTING summary judgment in favor of Defendant.

SO ORDERED.

Dated: March 28, 2018

                                                                  s/Gershwin A. Drain
                                                                  HON. GERSHWIN A. DRAIN
                                                                  United States District Court Judge